Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, <br><br> Plaintiff, <br> v. <br><br> Four Bells Market & Liquor, Inc., <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Defendant Four Bells Market & Liquor, Inc. ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Four Bells Market & Liquor located at 1065 98th Avenue in Oakland, California.

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is California Corporation, with its principal office in Oakland, California.

5. Defendant owned, managed, operated, or otherwise was responsible for the Four Bells Market & Liquor located at 1065 98th Avenue in Oakland, California ("Four Bells Market").

**JURISDICTION**

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

**VENUE**

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that Four Bells Market is located inside this district and that Plaintiff's claims arose in this district.

**FACTUAL ALLEGATIONS**

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility as a result of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has, and at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from Four Bells Market.

15. Plaintiff's mother lives in Oakland, and Plaintiff receives medical treatment and medications in Oakland not far from the store.

16. Plaintiff wanted to purchase a drink and a snack, and stopped at the Defendant's liquor store. While there, Plaintiff noticed that Defendant's parking lot was not accessible.

17. Specifically, the access aisle adjacent to the seemingly-intended-accessible parking spaces seemed too steep, was not outlined with blue striping, and did not have any "no parking" lettering.

18. Access aisles are important for accessible parking spaces as they provide space for individuals with disabilities to safely and easily transfer from their wheelchairs, scooters, or other mobility devices to and from their vehicles. A steep access aisle can make it difficult or even impossible

for these individuals to safely make this transfer. The blue striping outlines the access aisle and makes it clearly visible to other drivers, reducing the risk of it being obstructed by other vehicles. The "no parking" lettering serves as a clear and visible reminder to other drivers that the access aisle is not a regular parking space and must be kept clear at all times. This helps ensure that individuals with disabilities have safe and convenient access to their vehicles.

19. The disabled-access parking sign was also covered in stickers that obscured the lettering of the sign.

20. It is important that disabled-access parking signs are not covered in stickers or anything else that obscures the lettering because it makes the sign less visible and less effective. A clear and visible sign is essential for ensuring that only individuals with disabilities who have the proper permits or license plates park in the designated accessible spaces. If the sign is covered or obscured by stickers or any other object, the information on the sign is not easily visible, and it may not be clear to other drivers or enforcement personnel that the space is reserved for individuals with disabilities. This can lead to the space being used by individuals who are not authorized to park there, making it difficult or even impossible for individuals with disabilities to find a space when they need one. Keeping the lettering on the sign clear and visible helps ensure that accessible parking spaces are properly used and reserved for those who need them.

21. Four Bells Market is open to the public and its operation affects commerce.

22. Four Bells Market is a public accommodations and business establishment. Specifically, Four Bells Market is grocery store or other sales establishment.

23. Four Bells Market has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

24. Plaintiff wants to access the facilities and goods and services offered at Four Bells Market when Defendant removes the accessibility barriers at Four Bells Market.

25. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

//

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Four Bells Market.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

28. Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

29. For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

30. The improvements at Four Bells Market are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

31. Defendant violated the ADA by failing to design and construct the facilities at Four Bells Market in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

32. Plaintiff believes and alleges that Four Bells Market was modified after January 26, 1993, independently triggering access requirements under the ADA.

33. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

34. Defendant altered Four Bells Market in a manner that violated the ADA and was not

readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Maintain Accessible Features</u>

35. Defendant violated the ADA by failing to maintain in operable and working condition those features of Four Bells Market that are required to be readily accessible to and be usable by persons with disabilities.

36. Defendant's failure in maintaining Four Bells Market in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

37. The configuration and condition of Four Bells Market denied Plaintiff a public accommodation due to Plaintiff's disability.

38. It is readily achievable for Defendant to remove the architectural barriers.

39. Defendant does not have any legitimate business justification to excuse the condition and configuration of Four Bells Market.

40. Defendant's violations are the cause of suffering for Plaintiff.

41. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

42. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

43. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Four Bells Market.

44. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

45. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal

accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

46. Plaintiff was harmed.

47. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

48. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

49. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

50. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 7, 2023

Law Office of Rick Morin, PC

Richard Morin
Attorney for Plaintiff