UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOUR BELLS MARKET & LIQUOR, INC.,<br><br>　　　　Defendant. | Case No. 23-cv-00549-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

## I.  INTRODUCTION

Plaintiff David Robinson brings this suit against Defendant Four Bells Market & Liquor, Inc. for failure to provide accessible accommodations in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). Pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 13. Robinson filed an Opposition (ECF No. 17) and Defendant filed a Reply (ECF No. 18). The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 3, 2023 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.  BACKGROUND

Robinson is a paraplegic who uses a wheelchair for mobility. Compl. ¶¶ 10-11, ECF No. 1. Defendant owned, managed, operated, or otherwise was responsible for the Four Bells Market & Liquor located at 1065 98th Avenue in Oakland, California. *Id*. ¶ 5. Robinson went to Four

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 15.

Bells with the intent to purchase a drink and a snack.[2] *Id.* ¶ 16.  However, on the date of his visit, Defendant failed to provide accessible parking.  *Id*. ¶¶ 16-19.  Robinson states he intends to access Four Bells Market's facilities when Defendant removes the accessibility barriers, but he "has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation." *Id.* ¶¶ 24-26.

On February 7, 2023, Robinson filed the present complaint, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. and California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  Following service, Defendant states it promptly took action to cure the alleged deficiencies.  Mot. at 2.  On March 1, 2023, Defendant hired Certified Access Specialist ("CASp") and licensed civil engineer Roberto Cortez to conduct an inspection.  Mac Bride Decl. ¶ 4, ECF No. 13-1; Cortez Decl. ¶ 4, ECF No. 13-2.  Cortez produced a CASp report dated March 4, 2023. Cortez Decl. ¶ 6; *see also* Mot., Ex. 1 (CASp report).  In the report summary, Cortez identified several items: (1) the landing at the front door; (2) the parking stall size; (3) that some portions of the parking stall were not sufficiently level; (4) that a tow-away sign needed to be placed on the wall; and (5) add an extension to the lower counter.  CASp report at 17.

On April 26, 2023, the parties performed a joint site inspection pursuant to General Order No. 56. Mac Bride Decl. ¶ 5. On May 1 Robinson's expert, CASp Mike Miyaki, identified four issues: (1) slope on path of travel from the public sidewalk to the main entrance; (2) the parking access aisle was not outlined with blue striping; (3) the parking access aisle was too narrow (not 8 feet wide); and (4) the parking access aisle had a slope of 4.9% near the end.  Mot., Ex. 2 (Miyaki report).[3]  Cortez subsequently returned to Four Bells Market on May 31, verified the removal of all barriers, and prepared a report with photos dated June 1 that states that as of May 31, 2023, the barriers identified by Miyaki had been remedied.  Cortez Decl. ¶¶ 8-10; Mot., Ex. 3 (Cortez's June

---

[2] Robinson does not allege the date he went to Four Bells Market.
[3] Figure 1.7 of the Miyaki report shows that Defendant implemented Cortez's recommendation to add an extension to the lower counter, and Miyaki identified no existing problem with the counter.

2

1 follow-up report).

On May 23, 2023, defense counsel sent an email to Robinson's counsel, with two photos showing remediation, and informing that Miyaki could return at any time to verify the remediation. Mac Bride Decl. ¶ 7; Mot., Ex. 4. According to Defendant, neither Robinson's expert nor anyone else has visited Four Bells Market to verify the updated situation in light of Defendant's representation that remediation has taken place. Mac Bride Decl. ¶ 8.

Defendant now moves to dismiss on the grounds that Robinson's ADA claim is moot and the Court lacks supplemental jurisdiction over his Unruh Act claim.

### III.   LEGAL STANDARD

Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. "Mootness . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [so it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations," and may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Safe Air for Everyone*, 373 F.3d at 1039. "However, when the jurisdictional issue and the merits are 'intertwined,' or when the jurisdictional question is dependent on the resolution of factual issues

going to the merits, the district court must apply the summary judgment standard in deciding the motion to dismiss." *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039.

In this case, the question of whether there are violations of the ADA at Four Bells Market is determinative of both subject matter jurisdiction and the substantive claim for relief. The Court will therefore treat the motion to dismiss for mootness as a motion for summary judgment. Applying the summary judgment standard, the moving party, Defendant, must establish that "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to Plaintiff and draw all reasonable inferences in Plaintiff's favor. *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 1002 (9th Cir. 2019). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the Court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## IV.  DISCUSSION

### A.  ADA Claim

As summarized above, Defendant says it remedied the structural barriers to access at Four Bells Market promptly after it received notice. As evidence of these remedies, Defendant relies on the declarations of its counsel, Richard Mac Bride, and CASp Roberto Cortez, who both state that all barriers have been removed. Mac Bride Decl. ¶ 6; Cortez Decl. ¶ 9. Cortez states that, as of May 31, 2023, "all the aforementioned barriers had been remedied, and that the Facility was compliant with federal and state disability access law." Cortez Decl. ¶ 9.

A claimed remedy might become moot if "subsequent events make it absolutely clear that

the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000); *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). "A defendant claiming that its voluntary compliance moots a case bears a formidable burden." *Johnson v. Case Ventures, LLC*, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (quoting *Friends of the Earth, Inc.*, 528 U.S. at 170).

Here, Defendant has submitted evidence that all the ADA barriers alleged in Robinson's complaint have been removed. In opposition to Defendant's motion, Robinson does not present any evidence to contradict Defendant's evidence but instead argues Cortez's declaration contains inadequate layperson opinion testimony. Opp'n at 4-5. This argument is not convincing. Cortez declares that he prepared a report regarding his examination of the property, and Defendant has separately submitted this report attached to its motion. *See* Cortez Decl. ¶ 9; Compl., Ex. 3 (June 1, 2023 Report). The report contains an account of Cortez's inspection of the property, including measurements taken and photos. While it may have been preferable for Defendant to attach the report directly to the Cortez declaration, Robinson does not dispute that the report is authentic, and its authenticity is attested to by MacBride and Cortez in their respective declarations. The Cortez declaration, together with his CASp report, provide adequate support for his expert conclusion that the ADA barriers at the property have been resolved. See *Johnson v. Reimal Fam. Ltd. P'ship*, 2021 WL 428631, at *4 (N.D. Cal. Feb. 8, 2021) (declaration and report by CASp expert sufficient to demonstrate there were no remaining barriers); *Gastelum v. Burlington Stores, Inc.*, 2022 WL 4625122, at *5 (N.D. Cal. Sept. 30, 2022) ("In addition, Mr. Gastelum appears to object to Mr. Whang's declaration because Mr. Whang is not an expert. This objection is not well-taken. Mr. Whang's declaration reports on objective measurements and other documentation showing the absence of the structural barriers alleged in the FAC as a factual matter. The Court is not persuaded that these observations cannot be made and attested to by a lay witness. Indeed, this district's General Order 56 'does not require any party to engage an expert including a Certified

Access Specialist (CASp).'"). Accordingly, the Court concludes that Defendant has submitted adequate evidence to demonstrate the alleged barriers have been remediated.

Robinson next argues Defendant's motion is premature because he has not had an opportunity to conduct discovery under the existing discovery stay imposed by General Order No. 56. Opp'n at 5. While the Northern District's General Order No. 56 does impose a stay of discovery in ADA cases, it specifically does not stay "motions under Rule 12(b)." General Order 56 ¶ 3. Courts in this District have repeatedly rejected the argument that General Order 56 poses a bar to motions to dismiss before discovery. *See Moralez v. Whole Foods Mkt., Inc.*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (rejecting argument that General Order 56 "bars motions to dismiss until after certain discovery is complete"); *Johnson v. 1082 El Camino Real, L.P.*, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018) ("This Court also finds that General Order 56 does not preclude Defendants from bringing the instant motion to dismiss for lack of subject matter jurisdiction"); *Johnson v. Torres Enterprises LP*, 2019 WL 285198, *2 (N.D. Cal. Jan. 22, 2019) ("General Order 56 does not bar defendants from bringing a motion to dismiss for lack of subject matter jurisdiction, but even if the Order did bar such motions, the Court exercises its discretion to permit defendants' challenge here."); *Johnson v. Winchester Campbell Properties, LLC*, 2018 WL 6619940, at *2 (N.D. Cal. Dec. 18, 2018) ("[J]udges in this District have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings.").

Further, General Order 56 does not bar parties from engaging in voluntary site inspections, nor does it excuse Robinson's failure to inspect the property improvements here. The purpose of General Order 56 is to encourage the parties to cooperate to resolve ADA claims quickly and efficiently with minimal cost. *See* General Order 56 ¶ 5 (encouraging early settlement discussions); ¶ 7 (requiring the parties to conduct a joint site inspection within 60 days of service of the complaint). It should not be read as an impediment to engage in voluntary site visits or inspections aimed at resolving claims. And even if the discovery stay could be read to prohibit such voluntary inspections, the order specifically permits the parties to "lift the stay to conduct specific discovery" by submitting a request by stipulation or administrative motion to the court. *Id.* ¶ 3. General Order No. 56 poses no barrier to good faith cooperation between the parties.

1   There is no reason Robinson could not have reinspected the property as Defendant requested.
2   Robinson's failure to submit competing evidence regarding the current state of the property is the
3   result of his own strategic choices and does not justify denying Defendant's motion.
4          Robinson also argues that "while Defendant claims it has painted a new public-way and re-
5   painted the parking spaces, that in and of itself would not demonstrate that the violation is not
6   likely to reoccur. Put simply, paint fades." Opp'n at 7. It is true that, for the voluntary removal
7   of the barriers to moot the ADA claim, there must not be a "sufficient likelihood that [the plaintiff]
8   will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).
9   However, "[c]ourts have held that where structural modifications are made, then it is absolutely
10  clear the allegedly wrongful behavior could not reasonably be expected to occur in the future since
11  structural modification[s] undo the offending conduct." *Johnson v. Opa Campbell LP*, 2021 WL
12  3493712, at *3 (N.D. Cal. Aug. 9, 2021) (quoting *Zaldivar v. City of San Diego*, 2016 WL
13  5118534, at *10 (S.D. Cal. Sept. 21, 2016)); *see also Case Ventures, LLC*, 2020 WL 4747908, at
14  *3 ("Because Defendant has made structural changes to its [parking and paths of travel] to remedy
15  the alleged violations, it is 'absolutely clear that the allegedly wrongful behavior [can] not
16  reasonably be expected to recur.'") (quoting *Friends of the Earth, Inc.*, 528 U.S. at 170); *Reimal
17  Fam. Ltd. P'ship*, 2021 WL 428631, at *1 (where plaintiff alleged parking was not in compliance
18  with ADA requirements, court held claims were moot where defendant submitted declaration of
19  CASp expert showing violations had been remedied); *contrast with Johnson v. Supakam Corp.*,
20  2022 WL 767615, at *6 (N.D. Cal. Mar. 11, 2022) (finding claims were not moot where remedy to
21  ADA complaint required daily compliance with employee policies). Thus, given its structural
22  changes, the Court finds Defendant has satisfied its burden to show Robinson will not be wronged
23  again in a similar way.
24         Robinson next argues Defendant fails to present any evidence regarding "maintaining
25  accessible interior aisles, which Plaintiff should be allowed to address in discovery." Opp'n at 6.
26  However, there are no such allegations in his complaint. Moreover, the Ninth Circuit has
27  explained that "although an ADA plaintiff can identify other barriers during discovery and seek to
28  amend his complaint, he must first plead one valid claim, and summary judgment is not

7

inappropriate where the barriers alleged in the complaint were remedied and the plaintiff did not conduct such discovery." *Johnson v. Suit Supply (U.S.A.), Inc.*, 2022 WL 991752, at *2 (N.D. Cal. Apr. 1, 2022) (dismissing case where claims alleged in complaint had been remediated, despite plaintiff's argument that he should be allowed to determine if any other barriers relating to his disability exist at defendant's business) (citing *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1178 (9th Cir. 2021)). Indeed, the Ninth Circuit has noted that "defendants should be encouraged to remove barriers from their establishments," which "is an important objective of the ADA." *Tesla Motors, Inc.*, 985 F.3d at 1178. "Granting the motion to dismiss under the circumstances of this case achieves that policy objective." *Suit Supply (U.S.A.), Inc.*, 2022 WL 991752, at *2.

Finally, Robinson argues "Defendant carefully avoided producing affirmative evidence confirming that Defendant has no history of ADA violations, intentionally discriminated, or was aware of the barriers prior to the lawsuit, which Plaintiff should be allowed to explore in discovery." Opp'n at 9. However, there is no evidence that Defendant has a history of violating the ADA. *Cf. Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 971 (S.D. Cal. 2015) (noting the defendants' history of ADA noncompliance). Robinson also presents no evidence indicating an intent by Defendant to violate the ADA in the future. "The dearth of evidence showing past ADA violations or an intent to violate in the future indicates that future violations are not reasonably likely to occur." *Johnson v. LMT Foods, Inc.*, 2022 WL 2343045, at *4 (N.D. Cal. June 29, 2022) (citing *Johnson v. Holden*, 2020 WL 1288404, at *4 (N.D. Cal. Mar. 18, 2020)); *cf. Clavo v. Zarrabian*, 2004 WL 3709049, at *4 (C.D. Cal. May 17, 2004) (holding that the plaintiff's ADA claim was not moot where the defendants had "an entrenched policy of blocking access to" a "wheelchair accessible gate and check-out aisle" and the defendants "failed to change that policy until after th[e] case was filed"); *Watanabe v. Home Depot USA, Inc.*, 2003 WL 24272650, at *4 (C.D. Cal. July 14, 2003) (finding that the plaintiff's ADA claim was not moot where the defendant did not change their policies and procedures to prevent future ADA violations and there was no indication that the defendant intended to comply with ADA).

In sum, the Court finds Defendant has met its burden of showing all the barriers alleged in Robinson's complaint have been removed, the alleged wrongful behavior is not reasonably likely

to recur, and Robinson's ADA claim is therefore moot. Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Robinson's ADA claim.

B.  **Unruh Act Claim**

Defendant argues the Court should decline to exercise supplemental jurisdiction of Robinson's Unruh Act claim. Mot. at 6-9. The Court "may decline to exercise supplemental jurisdiction" if, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Further, this case is in its early stages, so concerns of judicial economy, convenience, fairness to litigants, and comity do not favor retaining jurisdiction. *See Arroyo v. Rosas*, 19 F. 4th 1202, 1214 (9th Cir. 2021); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). "'Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim.'" *Johnson v. Techbusiness Resources, LLC*, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). This Court similarly declines to exercise supplemental jurisdiction over Robinson's Unruh Act claim because it would not further the interest of judicial economy, convenience, fairness and comity. Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Robinson's Unruh Act claim.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. Robinson's ADA claim is dismissed as moot. The Court declines to exercise supplemental jurisdiction over the remaining Unruh Act claim. Accordingly, the Unruh Act claim is dismissed without prejudice to refiling it in state court.

**IT IS SO ORDERED.**

Dated: July 24, 2023

THOMAS S. HIXSON
United States Magistrate Judge

9